UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:24-cv-04145-PSG-AJR                    Date:  May 21, 2024
                                                      Page 1 of 4

Title:    Gregory Ackers v. University of California Board of Regents

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On May 15, 2024, *pro se* Plaintiff Gregory Ackers ("Plaintiff"), filed a Civil Complaint ("the "Complaint") alleging violations of the Civil Rights Act of 1964, Seth's Law, breach of fiduciary duty, and breach of contract. (Dkt. 1.) Also on May 15, 2024, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which is currently pending. (Dkt. 2.)

In the Complaint, Plaintiff alleges that he is a tax-paying citizen of the State of California and resides in San Diego. (Dkt. 1 at 1.) Plaintiff alleges that during the last week of April 2023, Jewish students experienced fear and bigotry on the campus of the University of California, Los Angeles ("UCLA"). (Id. at 2.) Plaintiff alleges that Jewish students "were physically blockaded from entry to academic buildings by masked crowds of bullies & thugs, behaving as a De-Facto campus Police force." (Id.) Plaintiff alleges that he is "particularly disturbed by the sharp-rise in Anti-Semitism targeting Jewish

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:24-cv-04145-PSG-AJR                    Date:  May 21, 2024
                                                      Page 2 of 4

Title:       Gregory Ackers v. University of California Board of Regents

students on college campuses." (Id.)

    Plaintiff alleges that UCLA is subject to Title VI of the Civil Rights Act of 1964 as a recipient of federal funds. (Id. at 3.) Plaintiff alleges in Count 1 that Defendant University of California Board of Regents ("Defendant") breached its contractual duty to Jewish students to maintain a safe environment for learning. (Id. at 4.) Plaintiff alleges in County 2 that Defendant violated the civil rights of Jewish students as protected by Title VI of the Civil Rights Act of 1964. (Id. at 5.) Plaintiff alleges in Count 3 that Defendant failed to protect Jewish students from religious discrimination in violation of Seth's Law. (Id.) Plaintiff alleges in Count 4 that Defendant breached its fiduciary duty to Jewish students. (Id.) Plaintiff demands a jury trial and seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs, as well as any other relief that the Court finds appropriate. (Id. at 6.)

    Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*) (internal quotation marks and citation omitted). Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim *sua sponte* "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting Ninth Circuit's position in Omar and noting that such a sua sponte dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). Moreover, Congress requires district courts to dismiss a complaint if the court determines that the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). An initial review of the Complaint suggests the Court lacks jurisdiction over this action for the reasons outlined below.

\\

\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:24-cv-04145-PSG-AJR                              Date:  May 21, 2024
                                                                                       Page 3 of 4

Title:         Gregory Ackers v. University of California Board of Regents

I. DISCUSSION

    A. **Plaintiff Lacks Standing.**

Article III of the U.S. Constitution requires a concrete injury to the Plaintiff.  See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2200 (2021) ("To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm.").  "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms including (as relevant here) reputational harm." Id.  Here, Plaintiff does not allege that he personally experienced any of the allegedly wrongful conduct described in the Complaint. (Dkt. 1 at 1-6.)  Instead, Plaintiff merely alleges that he is a tax-paying citizen of the State of California and resides in San Diego.  (Id. at 1.)  Thus, Plaintiff does not appear to be a student at UCLA or to have been physically present on campus at any time when the allegedly wrongful conduct occurred.  (Id.)

Accordingly, Plaintiff does not appear to have alleged any concrete harm to himself within the meaning of Article III of the U.S. Constitution.  While any Jewish student at UCLA who has experienced the alleged wrongful conduct described in the Complaint would clearly have standing, Plaintiff does not allege that he is such a student.  At most, Plaintiff appears to seek standing as a taxpayer and citizen of the State of California.  (Dkt. 1 at 1.)  However, the U.S. Supreme Court has repeatedly held that the mere fact that someone is a taxpayer is generally insufficient to confer standing in federal court.  See, e.g., Doremus v. Bd. of Ed. of Borough of Hawthorne, 342 U.S. 429, 433 (1952) ("This Court has held that the interests of a taxpayer in the moneys of the federal treasury are too indeterminable, remote, uncertain and indirect to furnish a basis for an appeal to the preventive powers of the Court over their manner of expenditure.").

II. DISPOSITION

For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of jurisdiction.  On or before **June 20, 2024**, Plaintiff shall file a response to this Order.  If Plaintiff fails to timely

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:24-cv-04145-PSG-AJR | Date: May 21, 2024 |
| | | Page 4 of 4 |

Title:   Gregory Ackers v. University of California Board of Regents

respond to this Order, this action may be dismissed for failure to obey court orders and/or failure to prosecute.  If Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for convenience.

     IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).